UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

DENISE C. COTE-HOPKINS,

                              Plaintiff,

v.                                                  5:04-CV-1306
                                                    (GHL)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
───────────────────────────────────────────────

APPEARANCES:                                    OF COUNSEL:

BLUMKIN & FINLAY                        JOY A. BLUMKIN, ESQ.
*Attorneys for Plaintiff*
Gateway Center
401 East State Street, Suite 300
Ithaca, New York 14850

HON. GLENN T. SUDDABY               WILLIAM H. PEASE, ESQ.
United States Attorney for the          Assistant United States Attorney
 Northern District of New York
*Attorney for Defendant*
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## **MEMORANDUM DECISION AND ORDER**[1]

**I.    BACKGROUND**

    **A.    Procedural History**

Plaintiff filed an application for disability insurance benefits ("DIB") on March 6, 2002. (Administrative Transcript ("T") at 52-54.) The application was denied on July 31, 2002. (T. at

---

[1] This matter is before the Court by consent of both parties. (Dkt. No. 7.)

33-36.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") which was held on January 28, 2004. (T. at 516-544.) On March 31, 2004, the ALJ issued a decision finding that Plaintiff was not disabled. (T. at 15-28.)

Plaintiff appealed to the Appeals Council, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 24, 2004. (T. at 6-9.) Plaintiff commenced this action on November 10, 2004. (Dkt. No. 1.)

### B. The Contention

Plaintiff raises only one issue in her brief:

I.   The ALJ failed to give the proper weight to the opinion of the claimant's treating psychiatrist, Edward G. Mehrhof, M.D., in violation of the Commissioner's regulations at 20 C.F.R. § 404.1527(d). (Dkt. No. 8 at 7-15.)

## II. APPLICABLE LAW

### A. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Brown v. Barnhart*, Civ. No. 02-4523, 2003 WL 1888727, at *4 (S.D.N.Y. Apr. 15, 2003); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine

whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2005); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Serrano*, 2003 WL 22683342, at *10; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258. However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

### III.  THE PLAINTIFF

Plaintiff was born on January 31, 1954. (T. at 52.) She has an associate's degree (T. at 524) and has previously worked as a receptionist, secretary, and self-employed graphic artist (T. at 26-27, 135.) Plaintiff alleges disability due to mental and physical impairments including fibromyalgia, depression, anxiety, osteoporosis, and pain from a left arm fracture. (Dkt. No. 8 at

1.)

## IV.   DISCUSSION

### A.   Whether the ALJ Failed to Give Proper Weight to the Opinion of the Claimant's Treating Psychiatrist, Edward G. Mehrhof, M.D., in Violation of the Commissioner's Regulations at 20 C.F.R. § 404.1527(d)

The ALJ identified Dr. Mehrhof as "the claimant's treating psychiatrist."  (T. at 22.)  As such, his opinions must be given "controlling weight" as long as they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with other substantial evidence contained in the record.  20 C.F.R. § 404.1527(d)(2) (2006).  However, "[a]n ALJ who refuses to give controlling weight to the medical opinion of a treating physician must consider various 'factors' to determine how much weight to give to the opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).  These factors include: (1) the length of the treatment relationship and frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the medical evidence in support of the opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion is from a specialist; and (6) any other factors that tend to support or contradict the opinion.  20 C.F.R. § 404.1527(d)(2).

#### 1.   The ALJ's Decision with Respect to Dr. Mehrhof

In his Decision the ALJ stated that Dr. Mehrhof had opined

> that the claimant was **seriously limited** in her ability to follow work rules, use judgment, interact with supervisors, maintain attention/concentration, understand, remember and carryout simple job instructions, **and had poor to no ability** to relate to co-workers, deal with the public, deal with work stress, understand, remember and carryout detailed and complex job instructions, maintain personal appearance, behave in an emotionally stable manner, and relate productably in social situations.

4

(T. at 22, emphasis added.)  If this very negative assessment of Plaintiff's abilities by her treating psychiatrist were given controlling weight, there would not be substantial evidence supporting the ALJ's determination that Plaintiff could perform her past relevant work, *i.e.*, as a "receptionist, secretary and self-employed graphic artist."  (T. at 27-28.)

However, the ALJ refused to give Dr. Mehrhof's opinions controlling weight, finding his opinions to be "less persuasive":

> The doctor's report appears to contain inconsistencies, and the doctor's opinion is accordingly rendered less persuasive.  The doctor's opinion is without substantial support from the other evidence of record, which also obviously renders it less persuasive from an evidentiary standpoint.

(T. at 23.)  Contrary to Dr. Mehrhof, the ALJ concluded that Plaintiff:

(1) "is **moderately limited** in her ability to maintain attention and concentration for extended periods, and respond appropriately to changes in the work setting"; and

(2) "has a disturbance of mood accompanied by a depressive syndrome which causes **slight restriction** in her activities of daily living, **moderate difficulties** in maintaining social function, [and] **seldom has deficiencies** in concentration, persistence or pace."  (T. at 26, emphasis added.)[2]

Dr. Mehrhof, Plaintiff's treating psychiatrist, found her to be "seriously limited" or having "poor to no ability" in these respects (and others).  As a result, and as noted above, by failing to give Dr. Mehrhof's opinons controlling weight, the ALJ was required to "consider various 'factors' to determine how much weight to give to [Dr. Mehrhof's] opinion."  *Halloran v.*

---

[2] These conclusions by the ALJ appear to be based virtually verbatim on the conclusions of M. Apacible, M.D., a physician employed by the State Disability Determination Services.  (T. at 401, 405.)

5

*Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).  These factors include: (1) the length of the treatment relationship and frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the medical evidence in support of the opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion is from a specialist; and (6) any other factors that tend to support or contradict the opinion.  20 C.F.R. § 404.1527(d)(2) (2006).

### a. The Other Evidence of Record

In his decision the ALJ did not address factors "(1)," "(2)," and "(5)."[3]  With regard to factors "(3)" and "(4)," the ALJ concluded that Dr. Mehrhof's opinion "is without substantial support from the other evidence of record."  It is unclear as to what "other evidence of record" the ALJ is referring to, but apparently the reference is to "[t]he residual functional capacity (mental) conclusions reached by the physicians employed by the State Disability Determination Services [which] supported a finding of 'not disabled.'"  (T. at 26.)

These physicians were M. Apacible, M.D., and Dennis M. Noia, Ph.D.[4]  As previously noted (*see* footnote 2), the ALJ's conclusions with respect to Plaintiff's Mental RFC Assessment

---

[3] The Commissioner's regulations provide that "all" of the factors must be considered.  20 C.F.R. § 404.1527(d), (d)(2).  In *Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998), the ALJ considered two of the factors, and the Second Circuit found his analysis "flawed . . . in that the ALJ failed to consider all of the factors cited in the regulations."  *Schaal*, 134 F.3d at 504.  Similarly, in *Aronis v. Barnhart*, No. 02 Civ. 7660, 2003 WL 22953167 (S.D.N.Y. Dec. 15, 2003), the Court remanded where the ALJ, *inter alia*, "failed to consider all of the relevant factors . . . .  While the reasons advanced by the ALJ related to the second and third factors . . . the first and fourth factors were apparently not considered at all."  *Aronis*, 2003 WL 22953167 at *6.  *See also Reyes v. Apfel*, No. 98 Civ. 0644, 1999 WL 39538, at *4 (S.D.N.Y. Jan. 29, 1999) (remand directed where the ALJ "fail[ed] to address the length of the treatment relationship, . . . the frequency of visits, . . . as well as the nature and extent of the treatment relationship").

[4] Another physician employed by the State was Kalyani Ganesh, M.D., but Dr. Ganesh addressed only the Plaintiff's **physical** limitations, and otherwise merely observed that "Claimant having psychological evaluation."  (T. at 378.)

were based virtually verbatim on Dr. Apacible's conclusions. Dr. Noia, however, reached a conclusion **supportive** of Dr. Mehrhof's opinions: "results of the examination appear to be consistent with psychiatric problems, and this does significantly interfere with the claimant's ability to function on a daily basis." (T. at 372.)

Other evidence of record similarly supports Dr. Mehrhof's opinions. Plaintiff's treating rheumatologist, Linda Warnowicz, M.D., opined as follows "Assessment: 1) Fibromyalgia but the cause of it is severe underlying psychiatric issues, which need to be addressed . . . ." (T. at 465.) It is correct, as Defendant points out in her Brief, that Dr. Warnowicz also opined that Plaintiff's fibromyalgia did not create disabling **physical** limitations. But Dr. Mehrhof's opinions address **mental** limitations, and Dr. Warnowicz's assessment of "severe underlying psychiatric issues" supports his opinions.

The ALJ's Decision also references the medical records of David Sillars, M.D., and Mari Caparas, M.D., both treating psychiatrists for Plaintiff. However, it cannot be determined from the Decision whether the ALJ found their opinions to be contrary to those of Dr. Mehrhof, and, if so, why. Indeed, this Court's review of their records indicates that, if anything, their opinions are supportive of Dr. Mehrhof's findings.

In short, it appears that only the conclusions of Dr. Apacible, a physician employed by the State Disability Determination Services, fail to support Dr. Mehrhof's opinions. The ALJ himself observed that the opinions of non-examining physicians "do not as a general matter deserve as much weight as those of examining or treating physicians." (T. at 26.) *See Schisler v. Sullivan*, 3 F.3d 563, 570 app. a (2d Cir. 1993) ("The opinions of non-examining medical personnel cannot, in themselves and in most situations, constitute substantial evidence to override the opinion of a

7

treating source."). *See also Yoxall v. Apfel*, No. 3:99-CV-656 SRU, 2001 WL 539608, at * 17 (D. Conn. Mar. 30, 2001) ("By itself, a non-examining physician's opinion is afforded little weight in the determination of dsability.").

### b. Inconsistencies

The ALJ also found Dr. Mehrhof's opinions to be "less persuasive" because his "report appears to contain inconsistencies." (T. at 23.) One of these purported inconsistencies, according to the ALJ, apparently was that Dr. Mehrhof "opined that [Plaintiff's] use of the illegal substance, marijuana, does not dramatically impact on her mental status," while previously he told her to "decrease" or "stop" the use of marijuana. (T. at 23.) With regard to this latter assertion, the ALJ cited to Exhibit 28F of the record (T. at 476-481), which consists of Dr. Mehrhof's handwritten progress notes. The notes for July 31, 2003, contain the notation "↓marijuana," which this Court interprets to mean "decrease marijuana." Earlier, on December 31, 2002, Dr. Mehrhof had recommended that Plaintiff discontinue marijuana because he thought it "contribute[d] to her amotivational type syndrome and also interferes with the action of other psychotropic medications." (T. at 431.) There is no basis for a lay person to conclude that the cryptic notation of July, 2003, and an opinion reached in December, 2002, following an initial consultation, is inconsistent with the focused and reasoned analysis set forth in Dr. Mehrhof's opinion letter of January 20, 2004. (T. at 474-75.)[5]

---

[5] When discussing Dr. Mehrhof's purported inconsistency with regard to Plaintiff's use of marijuana, the ALJ referenced "another treating psychiatrist [Maria J. Caparas, M.D.] [who] was of the opinion that the treatment course, so far, had been complicated by resurgence of a traumatic substance that enhances the regressive histrionic traits and therefore, makes treatment more difficult." (T. at 23.) Presumably the ALJ interpreted "resurgence of a traumatic substance" to mean resurgence of marijuana use. In her brief (footnote "2" at page 11), Plaintiff points out, correctly, that Dr. Caparas' notation is to "substrate," not "substance." (T. at 456.) Plaintiff then argues that Dr. Caparas is not referring to

A second inconsistency cited by the ALJ was that despite Dr. Mehrhof's findings of serious limitations, he "assessed [Plaintiff] with a GAF of 65 in December of 2002, and a GAF of 70 for [2003]." (T. at 22.) However the ALJ did not rely upon any medical basis for concluding that this constituted an inconsistency, and as a lay person he of course was not competent to draw such a conclusion on his own, and to substitute his opinion for that of a treating psychiatrist. *Aronis*, 2003 WL 22953167, at *6.

**ACCORDINGLY**, it is hereby

**ORDERED**, that this matter be remanded to the Commissioner for reconsideration, consistent with the discussion above, of the opinions of Dr. Mehrhof.

Dated: January 8, 2007
Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

marijuana use but rather to the return into Plaintiff's life of her mother. The Commissioner has not disputed Plaintiff's argument.